# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,** | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| **Reorganized Debtors.** | ) | |
| _____ | ) | |
| | ) | |
| **UNITED AIR LINES, INC.,** | ) | **Adversary Proceeding No. 05-02806** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **08 cv 3337** |
| | ) | |
| **THE CITY OF LOS ANGELES, a** | ) | **Judge Moran** |
| **municipal corporation, and LOS** | ) | **Magistrate Judge Schenkier** |
| **ANGELES WORLD AIRPORTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### UNITED AIR LINES' LIMITED OBJECTION TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW DATED MAY 31, 2008

James Joslin (ARDC No. 6229288)
Alex Karan (ARDC No. 6272495)
Micah E. Marcus (ARDC No. 6257569)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Counsel for United Air Lines, Inc.

Dated: June 30, 2008

## TABLE OF CONTENTS

**Page**

Introduction ...............................................................................................................................1

Background ...............................................................................................................................1

Argument ..................................................................................................................................3

Conclusion ................................................................................................................................6

## TABLE OF AUTHORITIES

       **Page**

**Cases**

*BD Inns v. Pooley*,
    218 Cal. App. 3d 289,
    266 Cal. Rptr. 815 (Ct. App. 1990) ......................................................... 3, 5, 6

*Brandon & Tibbs v. George Kevorkian Accountancy Corp.*,
    226 Cal. App. 3d 442 (Ct. App. 1990)............................................................. 5

*Chase v. Blair*,
    105 Cal. App. 744 (4th Dist. 1930)................................................................. 4

*Cole v. Gerhart*,
    5 Ariz. App. 24 (1967).................................................................................... 5

*CUNA Mut. Life Ins. Co. v. Los Angeles County Metro. Transp. Auth.*,
    108 Cal. App. 4th 382 (Ct. App. 2003)........................................................... 5

*Green v. Smith*,
    261 Cal. App. 2d 392 (1968) .......................................................................... 5

*Johnson v. Lehtonen*,
    151 Cal. App. 2d 579 (1st Dist. 1957)............................................................ 4

*Sheetmetal Worker's Int'l Ass'n. Local 19 v. Herre Bros., Inc.*,
    201 F.3d 231 (3rd Cir. 1999) .......................................................................... 4

*Vitagraph, Inc. v. Liberty Theatres Co. of Cal.*,
    197 Cal. 694 (1925) ........................................................................................ 5

**Statutes**

Fed. R. Bankr. P. 9033(d) ......................................................................................... 3

**Other Authorities**

28 U.S.C. § 157(c)(1)................................................................................................ 3

Cal. Civ. Code § 3307................................................................................................ 6

**Rules**

22 Am. Jur. 2d Damages § 417.................................................................................. 4

25 Williston on Contracts § 67:32 (4th ed.).............................................................. 4

John Murray, Jr., Murray on Contracts § 122 (3d ed. 1990) ......................................................... 4

Restatement (Second) of Contracts § 347 (1981) ........................................................................ 5

Case 1:08-cv-03337    Document 12    Filed 06/30/2008    Page 4 of 10

**INTRODUCTION**

The Bankruptcy Court correctly concluded that United Air Lines, Inc. ("United") has a contractual right to operate its air transportation business, including turbo-prop aircraft ("Turbo Props") at Terminal 8 at Los Angeles International Airport ("LAX"). (*See* 5/31/08 Mem. of Dec. at 8-21) The Court also correctly held that specific performance of the Terminal 8 Lease ("the T-8 Lease" or "the Agreement") was an appropriate remedy and thus that an injunction against Defendants the City of Los Angeles and Los Angeles World Airports (collectively, "the City") was appropriate. (*Id.* at 18-19) Indeed, the District Court's Findings of Fact and Conclusions of Law are thoughtful and well reasoned and thus should be affirmed in their entirety with one limited exception: the Court incorrectly ruled that United is not also entitled to damages. (*Id*. at 19)

United's damages, which are approximately $4.5 million, equal the amount of rent that United paid to the City for use of a remote terminal facility at LAX ("the Remote Facility") from the time that United first attempted to reject the lease of the Remote Facility ("the Remote Facility Lease") in November 2005 until the expiration of the Remote Facility Lease in August 2007. These lease payments, if returned to United, will in no way constitute a windfall to United. Rather, they will simply put United in the position it would have been in had the City not breached the T-8 Lease in the first instance. As such, this case presents the precise scenario in which both injunctive relief and damages are not mutually exclusive remedies and thus both can and should be awarded here.

**BACKGROUND**

The Bankruptcy Court's Findings of Fact correctly summarize the evidence presented at the trial and thus do not need repeated here. For purposes of United's limited objection, however, a few additional facts may be helpful. As the Bankruptcy Court found:

1

> On November 15, 2005, United filed a notice that it would reject the lease on the remote terminal that it had previously used for commuter operations. (Case Docket No. 13533.) On November 22, 2005, a new Executive Director issued a letter to United stating: "Please consider this letter as Notice that the approval granted [to operate Turbo-Prop aircraft at Terminal 8] in the June 7, 2005, letter, is hereby revoked. Accordingly, United Airlines shall cease such turboprop operations in Terminal 8 on or before May 26, 2006." (United Ex. 36.) United thereafter brought this adversary proceeding, seeking an injunction against any action by the City to prevent turboprop operations from being conducted at T8.

(5/31/08 Mem. of Dec. at 7)  The City's November 22, 2005 revocation letter, had it taken effect (and had United not otherwise obtained judicial relief), would, of course, have forced United to move its Turbo-Prop operations back to the Remote Facility from Terminal 8.  Accordingly, on November 30, 2005, United had no choice but to conditionally withdraw its Notice of Rejection pending resolution of its dispute with the City.  Because United withdrew its Notice of Rejection, it had to continue to pay rent to the City. (*See* evidence cited in United's 4/30/07 Post-Trial Br. at 11, ¶ 21 [Dkt. No. 133])  Between December 2005 and August 2007 (the termination date of the Remote Facility Lease), United paid rent of approximately $4,458,000 to LAWA. (*Id.* citing 3/15/2007 Stipulation [Dkt. No. 131]; LAWA Ex. 4 (Ledger); United Ex. 122 (Remote Terminal Payment Documents) at 1; United Ex. 3 (Remote Facility Lease)).

United's withdrawal of its Notice of Rejection was necessary in order for United to mitigate any potential damages from a forced return to the Remote Facility.  If the Bankruptcy Court had agreed with the City that injunctive relief was inappropriate, absent United's mitigation efforts, United would have had no facility from which to conduct its Turbo-Prop operations, which in turn would have led to the disruption and/or cancellation of at least 100 flights per day. (7/27/2006, Hr'g Tr., Peters at 137:10-16)

2

On May 31, 2008, the Bankruptcy Court ruled that the City had breached the T-8 Lease by attempting to prohibit United from operating its Turbo-Prop operations out of Terminal 8 at LAX and that specific performance of the lease was appropriate.  (5/31/08 Mem. at Dec. at 8-19) The Court, however, concluded that United was not entitled to damages from the City's breach:

> United has requested damages in addition to injunctive relief, based on its continuing to pay rent for the remote terminal that it has not been using since 2005.  United's theory is that, but for the City's announced ban on turboprop operations at T8, United would have been able to avoid paying this rent by rejecting the remote facility lease pursuant to § 365(a) of the Bankruptcy Code.  The difficulty with this theory is that United has requested—and obtained—enforcement of its right to preferential use at T8. Although the City threatened to prevent turboprop operations at T8, that threat has never been carried out.  The damages United seeks, therefore, are not a result of any breach by the City, but rather a result of United's actions to protect itself against the denial of its request for injunctive relief.  Having succeeded in that request, United cannot claim damages.  *See BD Inns v. Pooley*, 218 Cal. App. 3d 289, 298-99, 266 Cal. Rptr. 815 (1990) (holding that a plaintiff must elect between damages and specific performance, and if granted specific performance may only receive damages resulting from a failure of the defendant to perform in the time required by the contract).  A permanent injunction is the limit of the appropriate relief here.

(*Id.* at 19)  It is this lone paragraph in the Court's Findings of Fact and Conclusions of Law to which United now objects.

## ARGUMENT

Upon review of a non-core matter under 28 U.S.C. § 157(c)(1), the District Court reviews *de novo* any proposed findings of fact and conclusions of law by the Bankruptcy Court to which a party objects.  *See* Fed. R. Bankr. P. 9033(d) ("The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.").

3

While the Bankruptcy Court correctly concluded that, as a general matter, injunctive relief and damages are typically mutually exclusive, there is one scenario in which both remedies are appropriate: when it is necessary to place a successful plaintiff in the position he would have occupied but for a defendant's breach of contract. As professor Williston has explained:

> In its quest to grant complete relief and prevent unnecessary litigation, a court of equity will in some cases give damages ***not as alternative but rather as supplemental relief to a decree of specific performance***. Thus, a court sitting in equity may award monetary compensation in addition to specific performance where necessary to effectuate full and complete relief, to place the injured party in the position it would have occupied had there been no breach of contract.

25 Williston on Contracts § 67:32 (4th ed.) (emphasis added). *See also Johnson v. Lehtonen*, 151 Cal. App. 2d 579, 581 (1st Dist. 1957) (holding that court of equity may grant both specific performance and additional damages resulting from the deficiency in performance); *Chase v. Blair*, 105 Cal. App. 744, 746 (4th Dist. 1930) (holding that both specific performance and damages may be awarded simultaneously; *see also Sheetmetal Worker's Int'l Ass'n. Local 19 v. Herre Bros., Inc.*, 201 F.3d 231, 250 (3rd Cir. 1999) (holding that "[i]t is not erroneous as a matter of law to award both damages and specific performance").

United is not seeking a windfall duplicative of the injunctive relief the Bankruptcy Court has awarded. Rather, United is solely seeking to be put in the position it would have been in but for the City's breach. Put another way, absent a ruling in United's favor on damages, the City will be allowed to keep a $4.5 million windfall from its breach of contract.

Moreover, United's out-of-pocket rental payments for the Remote Facility Lease can also be equated to a party's reasonable attempt to mitigate damages — in this case, United securing protection in the event of a sudden, forced return to the Remote Facility. *See* John Murray, Jr., Murray on Contracts § 122 at 702 (3d ed. 1990); *see also* 22 Am. Jur. 2d Damages § 417 (stating

4

that mitigation expenses may be recovered in addition to the benefit of the bargain, so long as there is no double recovery); (*citing Cole v. Gerhart*, 5 Ariz. App. 24 (1967)); Restatement (Second) of Contracts § 347 (1981); *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 460-61 (Ct. App. 1990) (providing that rights to mitigation damages extend to claimants in breach of contract) (*citing Vitagraph, Inc. v. Liberty Theatres Co. of Cal.*, 197 Cal. 694, 697-699 (1925)). Moreover, the reasonableness of a party's mitigation efforts "'must be judged in the light of the situation confronting him at the time the loss was threatened and not by the judgment of hindsight.'" *CUNA Mut. Life Ins. Co. v. Los Angeles County Metro. Transp. Auth.*, 108 Cal. App. 4th 382, 396 n.12 (Ct. App. 2003) (*citing Green v. Smith*, 261 Cal. App. 2d 392, 396 (1968).

      Here, United was faced with a potential catastrophic disruption in its air transportation business were it suddenly to have found itself with no place at LAX to operate its daily Turbo-Prop operations, which comprise over 100 flights daily. It acted properly to avoid such a potential consequence had it not been able to secure preliminary injunctive relief. While United ultimately prevailed on its request for an injunction, its mitigation efforts were more than reasonable in "light of the situation confronting [it]." *CUNA Mut. Life Ins.*, 108 Cal. App. 4th at 396, n.12.

      Finally, the single case cited by the Bankruptcy Court in its damages analyses, *BD Inns v. Pooley*, 218 Cal. App. 3d 289, 298-99 (Ct. App. 1990), supports United's position. There, the court acknowledged that, with respect to a complaint for specific performance of contract, "the goal is to put the parties back in the position they would have been had the contract been timely performed." *Id.* at 298. However, while acknowledging this general axiom of damages law, the *BD Inns* court refused to grant damages to the plaintiff, other than interest, because of express

statutory provisions relating solely to the limitation of recovery with respect to the sale and/or purchase of real property. *Id.* at 298-99 (*citing* Cal. Civ. Code § 3307). Here, the statutory provisions at issue in *BD Inns* have no impact on United's undeniable right to be placed back in the position that it would have occupied but for the City's breach of the T-8 Lease.

## CONCLUSION

The bottom line is that United is entitled to both injunctive relief and damages stemming from the City's breach of the T-8 Lease. Indeed, a contrary ruling will allow the city to benefit to the tune of $4.5 million from its own contractual breach. As such, United respectfully requests that this Court, in addition to affirming the Bankruptcy Court's injunction ruling, award United its mitigation damages stemming from its payments made to the City under the Remote Facility Lease.

Dated: Chicago, Illinois  
       June 30, 2008

Respectfully submitted,

   /s/ Micah E. Marcus  
James Joslin (ARDC No. 6229288)  
Alex Karan (ARDC No. 6272495)  
Micah E. Marcus (ARDC No. 6257569)  
KIRKLAND & ELLIS LLP  
200 East Randolph Drive  
Chicago, Illinois 60601  
(312) 861-2000 (telephone)  
(312) 861-2200 (facsimile)

Counsel for United Air Lines, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **UAL CORPORATION, et al.,** | ) | **Case No. 02-B-48191** |
| | ) | **(Jointly Administered)** |
| **Reorganized Debtors.** | ) | |
| _____ | ) | |
| | ) | |
| **UNITED AIR LINES, INC.,** | ) | **Adversary Proceeding No. 05-02806** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **08 cv 3337** |
| | ) | |
| **THE CITY OF LOS ANGELES, a** | ) | **Judge Moran** |
| **municipal corporation, and LOS** | ) | **Magistrate Judge Schenkier** |
| **ANGELES WORLD AIRPORTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FILING

TO:   SEE ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on the 30th day of June 2008, we caused to be filed with the United States District Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn St., Chicago, Illinois 60604, **United Air Lines' Limited Objection To Proposed Findings Of Fact And Conclusions Of Law Dated May 31, 2008,** a copy of which is attached hereto and herewith served upon you.

PLEASE TAKE FURTHER NOTICE that you may obtain further information concerning these Chapter 11 cases:

- At the website of the United States Bankruptcy Court, Northern District of Illinois at www.ilnb.uscourts.gov (home page); or

- At the Debtors' private web site at www.pd-ual.com

K&E 12728833.1

| | |
|---|---|
| Chicago, Illinois<br>Dated:  June 30, 2008 | Respectfully submitted,<br><br>   /s/ Micah E. Marcus<br>James Joslin (ARDC No. 6229288)<br>Alex Karan (ARDC No. 6272495)<br>Micah E. Marcus (ARDC No. 6257569)<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>(312) 861-2000 (telephone)<br>(312) 861-2200 (facsimile)<br><br>Counsel for United Air Lines, Inc. |

**CERTIFICATE OF SERVICE**

I, Micah E. Marcus, an attorney, certify that on the 30th day of June 2008, I caused to be served, by e-mail (to parties who have provided an e-mail address), facsimile (to parties who have not provided an e-mail address), by overnight delivery (to all parties in the Core Group who have not provided an e-mail address or a facsimile number) a true and correct copy of the foregoing **United Air Lines' Limited Objection To Proposed Findings Of Fact And Conclusions Of Law Dated May 31, 2008,** on the parties in the attached service list.

Dated: June 30, 2008

 / s /   Micah E. Marcus
Micah E. Marcus

## AFFECTED PARTIES

| | |
|---|---|
| John J. Bingham, Jr.<br>Walter K. Oetzell<br>Aaron E. De Leest<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California 90067 | Ann E. Pile<br>Erich S. Buck<br>Reed Smith LLP<br>10 South Wacker Drive<br>Suite 4000<br>Chicago, IL 60606 |
| Rockard J. Delgadillo<br>Eduardo Angeles<br>John M. Werlich<br>Office of the Los Angeles City Attorney<br>Airport Division<br>1 World Way, P.O. Box 92216<br>Los Angeles, California 90009-2216 | Marc Cohen<br>Kaye Scholer LLP<br>1999 Avenue of the Stars<br>Suite 1700<br>Los Angeles, CA 90067 |
| Jeffery A. Tomasevich<br>John D. Taliaferro<br>Steven S. Rosenthal<br>Kaye Scholer LLP<br>901 15th St., N.W.<br>Washington, DC 20005 | Anthony G. Stamato<br>Robert M. Spalding<br>Kaye Scholer LLP<br>3 First National Plaza<br>70 West Madison Street<br>Chicago, IL 60602 |
| William W. Kannel<br>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111 | |